UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


In re:

| | |
|---|---|
| | Case No. 07-5515 |
| Khodakaram Ali Damsaz, | Chapter 7 |
| Debtor. | Hon. Phillip J. Shefferly |

_____/

Rose Carlson,

                    Plaintiff,
v.                                                              Adv. Pro. No. 07-06694

Khodakaram Ali Damsaz,

                    Defendant.

_____/


## OPINION DENYING DEMAND FOR JURY TRIAL


### I.  Introduction

          This matter is before the Court upon a complaint and jury demand filed by the Plaintiff, Rose

Carlson, against the Defendant, Debtor Khodakaram Ali Damsaz.  The Plaintiff demands a jury trial

to determine the dischargeability of a debt under Section 523(a)(6) of the Bankruptcy Code.  For the

reasons that follow, this Court finds that the Plaintiff has no right to a jury trial.


### II.  Facts

          The Debtor filed a voluntary petition under Chapter 7 on August 2, 2007.  The Debtor listed

an obligation owed to the Plaintiff as a disputed, unsecured, nonpriority debt in the amount of

$212,000.  On November 19, 2007, the Plaintiff filed an adversary complaint alleging that the debt is not dischargeable under 11 U.S.C. § 523(a)(6).[1]

The Plaintiff included a demand for a jury trial in her complaint.  After conferring with the parties at a pretrial conference held on March 3, 2008, the Court issued an Adversary Proceeding Scheduling Order on March 5, 2008.  In that order, the Court permitted, but did not require, the parties to file a memorandum of law on the issue of whether the Plaintiff is entitled to a jury trial in this adversary proceeding .  That order established a deadline of March 17, 2006 for the filing of any memorandum.  Neither party did so.

## II.  Jurisdiction

This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a).

## III.  Discussion

The question of whether a party has a Seventh Amendment right to a jury trial in a dischargeability proceeding brought under § 523, has largely been settled.  The Seventh Amendment sanctions jury trials in legal, not equitable, proceedings.  Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41 (1989).  The Supreme Court in Granfinanciera conducted a two-part analysis to determine the legal or equitable nature of a claim.  First, the claim is compared to 18th-century actions to establish whether the cause of action, had it existed at the time, would have been tried in the English courts

---

[1]     Section 523(a)(6) provides, in relevant part, that "[a] discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity . . . ."

-2-

of law. Second, the remedy is examined to determine its legal or equitable character. Id. at 42; Tull v. United States, 481 U.S. 412, 417-418 (1987). Greater weight is given to the latter of this two-part analysis. Granfinanciera, 492 U.S. at 42.

The Sixth Circuit Court of Appeals has applied the Supreme Court's analysis to dischargeability proceedings holding that a debtor who filed an action to determine the dischargeability of certain obligations under § 523(a)(2), had no right to a jury trial. In re McLaren, 3 F.3d 958 (6th Cir. 1993). In McLaren, the Sixth Circuit relied on the Seventh Circuit's opinion in N.I.S. Corp. v. Hallahan (In re Hallahan), 936 F.2d 1496 (7th Cir. 1991). In support of its conclusion that the debtor had no right to a jury trial on a dischargeability claim, the Seventh Circuit reasoned:

> First, application of the two-part test set forth in Granfinanciera reveals that a dischargeability proceeding is a type of equitable claim for which a party cannot obtain a jury trial. . . . [A] bankruptcy discharge and questions concerning the dischargeability of certain debts, involve issues with an equitable history and for which there was no entitlement to a jury trial in the courts of England prior to a merger of law and equity. . . . [Second,] [t]he relief sought is also equitable since the essence of a dischargeability claim is a declaration that the debt is indeed dischargeable or non-dischargeable.

In re Hallahan, 936 F.2d at 1505 (citations omitted).

This adversary proceeding involves a determination by this Court of whether the debt to the Plaintiff is non-dischargeable under § 523(a)(6). Pursuant to the holdings in McLaren and Hallahan, and the Supreme Court's analysis in Granfinanciera, discharge is an equitable remedy. Thus, the Court finds that no Seventh Amendment entitlement to a jury trial arises in this case. In re McLaren, 3 F.3d at 961.

## IV. Conclusion

For the reasons set forth in this opinion, the Court denies the Plaintiff's demand for a jury trial. The Court will enter a separate order denying the Debtor's demand for a jury trial.

**Not for publication**

Signed on March 26, 2008

                                        /s/ Phillip J. Shefferly
                                    Phillip J. Shefferly
                                    United States Bankruptcy Judge